By the Court, Bronson, J.
The plaintiffs have not given a name to this action; but I presume it was intended to be an ac *305 iion on the case for deceit. The deputy made the usual re-ton-—nulla bona—on the execution; though in strictness he should have added, that Leslie had no lands, tenements or chattels real in the comity. The plaintiffs waited eight months, and then, instead of sending to the clerk’s office for a copy of the return, they went to the deputy to make enquiries, telling him they intended to file a creditor’s bill. They did not ask the deputy to inform them what particular retiirn he had made, but desired his opinion upon a question of law, to wit, “ whether the return was made in due form of law and the deputy answered that the “ fieri facias was filed, with a return thereon in due form of law.” For this deceit and falsehood the action is brought. It was admitted in Pasleij v. Freeman, (3 T. R. 51,) that no action would lie for a false or erroneous assertion concerning a mere matter of judgment or opinion. I have met with no case which holds a different doctrine, and am unwilling to make a precedent. If the plaintiffs wanted an opinion upon t-his question, they should have gone to some person learned in the law, and not to a deputy sheriff.
If the defendant had been questioned about a matter of fact, to wit, upon the words of the return, and had answered falsely, < I think no action could be maintained. The return was not ] only hi writing, but it was matter of record, which was open to -the inspection of every one, and the plaintiffs should have examined for themselves. In Bayly v. Merrel, (Cro. Jac. 386,) the plaintiff complained that he had killed seven of his horses in drawing a load of madder which weighed twenty-two hunched pounds, and which the defendant, who had employed the plaintiff to carry the load, had falsely and fraudulently affirmed was of the weight of only eight hundred pounds. After verdict for the plaintiff the judgment was arrested, because the weight •of the load was -not a matter peculiarly within the knowledge of the defendant, and the plaintiff had the means of correct information by weighing the goods. The court said it was gross negligence in the plaintiff not to weigh the goods. This case is also reported in 3 Bulst. 95. It was approved in Pasley v. Freeman, (3 T. R. 51,) where this action for deceit was carried *306 to its . utmost limit. Ashhurst, J. said, the carrier had the means of attaining certain knowledge in his own power, by-weighing the goods; and. therefore it was a foolish credulity, against which the law would not relieve. Lord Kenyon took the same view of the question. It was distinguished from the case of a false , affirmation concerning the credit or solvency of . an individual, because there the party is seeking information which he can only acquire by consulting others. But here, taking the case in its most favorable aspect for the plaintiffs, they are suing for a false affirmation concerning the contents of a written instrument, and when that instrument was completely within their reach. There is no precedent for such an action, and I trust there' never will be. Men must give some > attention to their own business, instead of questioning their « .neighbors, and then suing them for deceit.
It is unnecessary to look' further into the declaration. Either of the grounds which have been mentioned is fatal to the action.
Judgment for the defendant.